(26 Misc. Rep. 724.)

### BRUCK v. FEINER et al.

(Supreme Court, Appellate Term.  March 24, 1899.)

1. ATTACHMENT—CLAIMS BY THIRD PERSONS—INDEMNITY BOND—LIABILITY.

Under Code Civ. Proc. § 2912, requiring an officer holding property under a writ of attachment to deliver it to a third person, on his giving bond for double its value, conditioned that he will establish a title to such property, and section 2913, limiting a recovery on such bond to the value of the property delivered to the claimant, recovery can be had on the bond only to the extent of the value of the property, regardless of the amount of the judgment recovered in the main action.

56 N.Y.S.—65

2. SAME—VALUE OF PROPERTY—EVIDENCE.
 In an action on such bond, the judgment recovered in the main action
is no evidence of the value of the property.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Samuel Bruck against Joseph Feiner and others. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Sanders & Rosenstein, for appellants.

Louis Levy, for respondent.

FREEDMAN, P. J. In an action begun by the firm of Deiner, Kerbel & Co. against Joseph Feiner, an attachment was obtained, and a levy made upon property claimed to be owned by Leo Polascek. Thereupon Polascek gave the bond required by section 2912 of the Code of Civil Procedure, with Max Schwartz as surety, and the goods taken under the attachment were delivered to Polascek. Deiner, Kerbel & Co. assigned their cause of action upon the bond aforesaid to this plaintiff, who instituted this action against these defendants. The case is very voluminous, and presents numerous exceptions. The judgment roll in the action in which Deiner, Kerbel & Co. were plaintiffs, and Joseph Feiner was defendant, was introduced in evidence, and showed the amount of that judgment to be $188.16. There was absolutely no testimony as to the value of the property taken by virtue of the attachment and delivered to the defendant Polascek, pursuant to his undertaking.

The court below charged the jury that, if they found a verdict for the plaintiff in this action, they must find for the sum of $188.16, the amount of the judgment in the prior action. To that charge the defendants' counsel duly excepted. The defendants' counsel then asked the court to charge the jury that, if they should find a verdict in favor of the plaintiff, they could only award the value of the property attached under the attachment. This was also refused, the court saying: "I refuse to charge that. I charge them to bring in a verdict, in that event, for $188.16." An exception was duly taken by defendants' counsel. Subsequently the jury rendered a verdict in favor of the plaintiff for said sum of $188.16, which verdict defendants' counsel moved to set aside, on the ground that it was against the law and the evidence, and upon all the grounds specified in section 999 of the Code. That motion was denied, and an exception thereto duly taken.

The rulings referred to clearly constituted error. The value of the property attached might have been much less than the amount of the judgment, and the judgment itself was no evidence of value. Section 2913 of the Code of Civil Procedure, as well as the bond sued upon, expressly limits the plaintiff's recovery to the value of the property attached and delivered to the claimant, with interest thereon from the time of the delivery. ' Such value must be established independently of the judgment recovered. No testimony concerning such value having been given, and the rulings above referred to be-

ing clearly erroneous, a new trial must be had.   The views expressed render it unnecessary to consider the other exceptions in the case.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.

